George **STAVROPOULOS**, Appellant (Defendant),

v.

**STATE of Indiana**, Appellee (Plaintiff).

No. 64S04–9704–CR–230.

Supreme Court of Indiana.

April 2, 1997.

10. *See Matter of Woolbert,* 648 N.E.2d 1152 (Ind. 1995); *Matter of Pope,* 644 N.E.2d 90 (Ind.1994); *Matter of Heamon,* 622 N.E.2d 484 (Ind.1993).

John E. Martin, Valparaiso, for Appellant.

Pamela Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant George Stavropoulos appeals his conviction for sexual assault, a class D felony, Ind.Code § 35–42–4–8.

The evidence at trial showed that Stavropoulos forced six-year-old J.V. to have sexual contact with him. Stavropoulos argues that the trial court erred by admitting hearsay testimony. J.V.'s mother recounted the girl's description of the crime, and a police officer testified about the mother's report of J.V.'s statements. J.V. herself subsequently testified. There was no objection to any of the testimony at trial.

Stavropoulos also argues that his lawyer rendered ineffective assistance by not objecting to the hearsay.

A divided Court of Appeals reversed. *Stavropoulos v. State,* No. 64A04–9605–CR–182, 676 N.E.2d 36 (Ind.Ct.App., Jan.29, 1997). It held that admission of the hearsay was fundamental error. Judge Chezem dissented, asserting that the hearsay did not sufficiently prejudice Stavropoulos' right to a fair trial as to require reversal. She also concluded that counsel was not ineffective.

 Judge Chezem is right. Admitting the hearsay was not particularly prejudicial, and trial counsel could very well have decided to sit by while the mother and the officer gave their version of the child's statements, on the hope that inconsistent versions might emerge from which the defense could benefit.

We grant transfer and affirm the trial court.

DICKSON, SULLIVAN and BOEHM, JJ., concur.

SELBY, J., not participating.